## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **KEVIN GARDEN, 1131076,** ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **No. 3:07-CV-492-D** |
| ) | **ECF** |
| **NATHANIEL QUARTERMAN,** ) | |
| **Director TDCJ-CID,** ) | |
| **Respondent.** ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

### I.  Background

On October 11, 2002, Petitioner was convicted of capital murder and was sentenced to

life in prison. *State of Texas v. Kevin Garden*, F01-56057-T(283rd Jud. Dist. Ct., Dallas County,

Tex., Oct. 11, 2002).  On February 25, 2004, the Fifth District Court of Appeals affirmed the

conviction. *Garden v. State*, No. 05-02-01672-CR (Tex. App.– Dallas, Feb. 25, 2004, no pet.).

Petitioner did not file a petition for discretionary review.

On February 17, 2005, Petitioner filed a state petition for writ of habeas corpus. *Ex parte*

*Garden*, Application No. 66,829-01.  On February 14, 2007, the Court of Criminal Appeals

denied the petition without written order.

On March 12, 2007, Petitioner filed this federal petition.  Petitioner argues: (1) he was

denied access to the courts; (2) he received ineffective assistance of trial counsel because counsel failed to seek a severance of the trial; (3) he received ineffective assistance of appellate counsel because counsel failed to include pertinent portions of the trial record on appeal; and (4) he was denied a fair trial when the trial court did not sever his trial from his co-defendant's trial.

## II.  Factual Summary

In 2001, four men attempted to rob a check cashing business.  In the course of the robbery, business owner Young-Ja Lee Chung was shot and killed.  Her husband shot and killed one of the robbers, Sylvester Avery.  The three other robbers fled.

Petitioner, Clarence Lyles and Desmond Lawrence were indicted for the robbery and murder.  Witnesses identified Clarence Lyles and Desmond Lawrence as two of the robbers.[1] (Trial Tr. Vol. 6 at 10-13, 108, 123-25, 130).

Eric Greer testified that prior to the robbery, Petitioner, Avery, Lyles and Lawrence attempted to persuade him to join the robbery.  (Trial Tr. Vol. 7 at 49-52).  Greer stated that one afternoon, the four men arrived at his house and Petitioner asked him to join them as they "hit a lick."  (*Id.* at 51-52).  When Greer refused, the four men left.  (*Id*. at 52-53).

Greer testified that several hours later, Petitioner returned to his house.  (*Id*. at 54-55).  Greer stated that he and Petitioner then drove to the beer store.  (*Id*.)  Petitioner told Greer the robbery did not go as planned.  (*Id*.)  Petitioner stated that when Avery got shot, Petitioner "just went out the door shooting," and that he was not sure whether Avery was alive.  (*Id*. at 55).

Zachariah Alexander testified that he encountered Petitioner while they were both

---

[1]Clarence Lyles pled guilty to aggravated robbery and was sentenced to forty years confinement.  *State of Texas v. Clarence Lyles*, F01-56056-T (283rd Jud. Dist. Ct., Dallas County, Tex., July 25, 2003).

incarcerated at the Dallas County Jail.  (Trial Tr. Vol. 7 at 7).  Alexander testified that Petitioner

told him that he started shooting during the robbery because "it was either my life or hers or

whatever, her husband got to panicking or whatever and reached for something."  (*Id*. at 12).

Petitioner told Alexander that the robbers used someone else's car with fake license plates and

that they disposed of the guns, masks, and gloves a few blocks from the crime scene.  (*Id*. at 13).

## III.  Discussion

### 1.     Standard of Review

The pertinent terms AEDPA state:

(d)     An application for writ of habeas corpus on behalf of a person in custody pursuant
to the judgment of a state court shall not be granted with respect to any claim that
was adjudicated on the merits in State court proceedings unless the adjudication
of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the
Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of
the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ

of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United

States Supreme Court on a question of law or if the state court decides a case differently from the

United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*,

529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may

grant a writ of habeas corpus if the state court identifies the correct governing legal principle

from the United States Supreme Court's decisions, but unreasonably applies that principle to the

facts of the prisoner's case.  *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**2.      Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**(a) Trial Counsel**

Petitioner argues his trial counsel was ineffective for failing to file a motion to sever his trial from his co-defendant's trial.

Texas Rule of Criminal Procedure 36.09 addresses motions to sever. This Rule states in

pertinent part that:

> [Where] it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants.

Under the case law in effect at the time of Petitioner's trial, a showing of prejudice required that "the defendants' positions must be 'mutually exclusive' in the sense that 'the jury in order to believe the core of one defense, must necessarily disbelieve the core of the other.'" *Goode v. State*, 740 S.W.2d 453, 455 n.2 (Tex. Crim. App. 1987) (citations omitted), *receded from in Qualley v. State*, 206 S.W.3d 624 (Tex. Crim. App. 2006).

In this case, each defendant argued they were not present during the robbery. Neither defendant argued that the other defendant committed the robbery. Under *Goode*, Petitioner has not shown that in order to believe his defense that he was not present at the robbery, the jury was required to disbelieve his codefendant's claim that he also was not present during the robbery.

In 2006, the Texas Court of Criminal Appeals revisited the requirements for severance under Rule 36.09. In *Qualley v. State*, 206 S.W.3d 624 (Tex. Crim. App. 2006), the court determined there are two grounds for severance: (1) the co-defendant has a previous admissible conviction, or (2) a joint trial would prejudice the moving defendant. *Id.* at 631.

The court first analyzed the standard for determining whether the moving defendant was prejudiced by a failure to sever the trial. The court adopted the standard announced in the United States Supreme Court's decision of *Zafiro v. United States*, 506 U.S. 534 (1993). The *Zafiro* standard states that:

> [T]he defendant must show a serious risk that a specific trial right would be compromised by a joint trial, or that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence, and that the problem could not be adequately

addressed by lesser curative measures, such as a limiting instruction.

*Qualley*, 206 S.W.3d at 636, (citing *Zafiro*, 506 U.S. at 539).

In this case, Petitioner argues a joint trial prejudiced him because his counsel was appointed, while his co-defendant's counsel was retained. Petitioner does not explain how the issue of retained versus appointed counsel entitled him to a severance. He has not identified a specific trial right that was compromised by the joint trial, nor has he shown that the joint trial prevented the jury from making a reliable judgment about his guilt or innocence.

Further, Petitioner has not shown that he was entitled to a severance under the "previous admissible conviction" portion of Rule 36.09. Under this section of the Rule:

> [T]he statute acts only to shield a defendant from the introduction of the co-defendant's conviction. The idea is that a defendant without a conviction my suffer "guilt by association" from the jury's exposure to the co-defendant's crime. It is for this reason that severance on this basis is mandatory only when the moving defendant himself has no prior conviction that would be admissible at either the guilt or innocence stage of the trial.

*Qualley*, 206 S.W.3d at 637.

In this case, there is no evidence in the record regarding previous convictions for Petitioner or his co-defendant. An on-line records check for Dallas County, however, reveals that at the time of Petitioner's trial, he had a prior felony conviction for burglary of a habitation, cause number F9240131.[2] Since Petitioner had an admissible previous conviction, the trial court was not required to sever the trials under the "previous admissible conviction" portion of Rule 36.09. Petitioner has failed to show that his counsel was deficient for not moving to sever Petitioner's trial. He has also failed to show he was prejudiced by his counsel's performance.

---

[2]The on-line records site for Dallas County can be found at www.dallascounty.org.

This claim should be denied.

**(b) Appellate Counsel**

Petitioner argues he received ineffective assistance of appellate counsel because counsel failed to include pertinent parts of the record on appeal.

During jury deliberations, the jury sent two notes requesting testimony of two witnesses. Defense counsel objected that the jury was not entitled to the testimony unless it was shown that the jury disagreed as to the witnesses' statements. The court overruled the objections and provided the testimony to the jury.

On appeal, Petitioner argued that the trial court erred in providing this testimony. Defense counsel, however, did not submit a record of the testimony that was read to the jury. The appellate court held that it therefore could not determine the harmfulness of the testimony and denied this claim.

The record shows the jurors sent two notes requesting testimony from witnesses Teresa Crockett and Eric Greer. Teresa Crockett's testimony involved statements that she said Petitioner's co-defendant made while at her house. (Trial Tr. Vol. 8 at 48). Eric Greer's testimony involved the conversation he had with Petitioner after the murder when they both went to the beer store. (*Id.* at 51). Petitioner has not included the testimony with his petition. He has not stated how the reading of this testimony prejudiced him and has not shown that the results of his appeal would have been different if his counsel had included the testimony on appeal. Petitioner has failed to show that he received ineffective assistance of appellate counsel.

**3.     Trial Error**

Petitioner argues the trial court erred because it did not *sua sponte* sever the trial.

Petitioner, however, has not shown he was entitled to severance. As discussed above, Petitioner has failed to meet the *Zafiro* requirement that he identify a specific trial right that was compromised by the joint trial, or that the joint trial prevented the jury from making a reliable judgment about his guilt or innocence. This claim should be denied.

**4.      Access to the Courts**

Petitioner states that while he was incarcerated on the Clements Unit, prison officials withheld his trial records, transcripts and exhibits. He argues he was therefore denied access to the courts. When Petitioner filed this petition, however, he was housed on the Michael Unit. He does not indicate when he was on the Clements Unit, how long his materials were withheld, and he does not identify any court date that he missed as a result of the prison officials' actions. Finally, to the extent that Petitioner is challenging the conditions of his confinement or prison procedures, his claim is not cognizable under § 2254, but should be filed pursuant to 42 U.S.C. § 1983. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

**5.      Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 be DENIED.

Signed this 12th day of May, 2008.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).